IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David B. Corey,<br><br>    Plaintiff,<br><br>v.<br><br>Aldora Aluminum and Glass Products, Inc.,<br><br>    Defendant. | Case No.: 2:19-cv-1523-SAL<br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the July 26, 2021 Report and Recommendation of United States Magistrate Judge Molly H. Cherry (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 36]. In the Report, the Magistrate Judge recommends Defendant's motion for summary judgment, ECF No. 27, be granted in part and denied in part. The Magistrate Judge recommends Defendant's motion be granted as to the Plaintiff's hostile work environment claim and South Carolina Human Affairs Law claim and denied as to Plaintiff's remaining claims for ADA discrimination, ADA failure to accommodate, and ADA retaliation. [ECF No. 36, p.24]. Plaintiff objected to the portion of the Report recommending summary judgment on the hostile work environment claim.[1] [ECF No. 41]. Defendant objected to the portion of the Report recommending denial of summary judgment on the ADA discrimination claim, ADA failure to accommodate claim, and ADA retaliation claim.

---

[1] Plaintiff conceded to dismissal of his claim for violation of the South Carolina Human Affairs Law. [ECF No. 30, p.21].

1

[ECF No. 43]. Defendant replied to Plaintiff's objections, ECF No. 44, and Plaintiff replied to Defendant's objections, ECF No. 45. The matter is ripe for ruling. For the reasons outlined herein, the Court adopts the Report in its entirety.

## BACKGROUND

On July 26, 2021, the Magistrate Judge issued a thorough Report and Recommendation. The Report sets forth in detail the relevant facts and standards of law on this matter. *See* [ECF No. 36]. This Court incorporates those facts and standards without a recitation.[2]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the*

---

[2] Neither party objected to the Magistrate Judge's recitation of the factual background and legal standards.

*Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

I.   **Plaintiff's objection**

   A. **The Magistrate Judge correctly found that Plaintiff's hostile work environment claim should be dismissed.**

Plaintiff argues the Magistrate Judge erred by concluding Plaintiff's hostile work environment claim should be dismissed because the alleged harassment was not sufficiently severe or pervasive so as to alter a term, condition, or privilege of employment. [ECF No. 41, p.3]. Plaintiff argues the Magistrate Judge failed to properly consider Plaintiff's contention that his supervisor engaged in mistreatment altering the conditions of employment in addition to making negative comments. *Id.*

3

To establish a hostile work environment, claim under the ADA, Plaintiff must prove that "(1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer." *Mason v. Wyeth, Inc.,* 183 F. App'x 353, 360 (4th Cir. 2006) (quoting *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 177 (4th Cir. 2001)).  The Magistrate Judge found Plaintiff failed to establish the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment.[3]  [ECF No. 36, p.24].

To establish that conduct was "sufficiently severe or pervasive," Plaintiff must show "not only that he subjectively perceived his workplace environment as hostile, but also that a reasonable person would so perceive it, i.e., that it was objectively hostile." *Fox*, 247 F.3d at 178.  Whether an environment is objectively hostile or abusive depends on factors such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Harris v. Forklift Systems, Inc*., 510 U.S. 17, 23 (1993).  For a hostile work environment claim to survive summary judgment, the court must "identify situations that a reasonable jury might find to be so out of the ordinary as to meet the severe or pervasive criterion." *EEOC v. Sunbelt Rentals, Inc*., 521 F.3d 306, 16 (4th Cir. 2008).  "That is, instances where the environment was pervaded with discriminatory conduct 'aimed to humiliate, ridicule, or

---

[3] The Magistrate Judge also noted that Plaintiff pleaded his hostile work environment claim pursuant to Title VII, and both parties analyzed the claim under Title VII. [ECF No. 36, p.22, n.6]. However, disability is not a protected class covered by Title VII. *See* 42 U.S.C. § 2000e-2.  Despite this pleading deficiency, this Court will follow the Magistrate Judge's approach of analyzing the claim under the ADA to show that summary judgment is appropriate under the ADA.

4

intimidate,' thereby creating an abusive atmosphere." *Id.* (quoting *Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir. 2007).

After a *de novo* review, the Court finds Defendant is entitled to summary judgment on the Plaintiff's hostile work environment claim because Plaintiff fails to identify a situation that a reasonable jury might find to be so out of the ordinary as to meet the severe or pervasive criterion. In his objections, Plaintiff implicitly concedes that negative comments alone would not be enough to survive summary judgment. [ECF No. 41, p.3]. However, Plaintiff contends he has also shown a hostile work environment because (1) his supervisor required him to do a job in a manner that was not possible for him because his disability and (2) his supervisor required him to use a ladder in contravention of his disability-related restrictions. *Id.* The Court disagrees. Plaintiff attempts to rely on the required ladder usage to support a hostile work environment claim, but he fails to put forward evidence that would allow a reasonable jury to find the requirement was "aimed to humiliate, ridicule, or intimidate." *Jennings*, 482 F.3d at 695. Because the Court finds Plaintiff fails to put forward sufficient evidence to allow a reasonable jury to find he experienced severe and pervasive harassment, Defendant is entitled to summary judgment on the hostile work environment claim.

## II. Defendant's objections

### A. Defendant objects to the Magistrate Judge's finding that Plaintiff established a *prima facie* case of disability discrimination.

Plaintiff elected to prove his disability discrimination claim through the burden-shifting framework set forth in *McDonell Douglas Corp. v. Green*, 411 U.S. 792 (1973). [ECF No. 30, pp.4-12]. Under the *McDonell Douglass* framework, Plaintiff bears the initial burden of establishing a *prima facie* case by a preponderance of the evidence. *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995). To establish a prima facie case of disability

discrimination, Plaintiff must show the following elements: (1) he was a qualified individual with a disability under the ADA; (2) he was subject to an adverse employment action; (3) at the time of the adverse action, he was meeting Defendant's legitimate expectations; and (4) the adverse action occurred under circumstances that raise a reasonable inference of discrimination. *See Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012); *Haulbrook v. Michelin North America*, 252 F.3d 696, 702 (4th Cir. 2001).

Defendant does not dispute the first two elements. *See, e.g.,* [ECF No. 36, p.9]. However, Defendant contends the Magistrate Judge erred in finding that Plaintiff met the second two elements because (1) Plaintiff fails to show a genuine issue for trial on the question of whether he was meeting Defendant's legitimate expectations and (2) Plaintiff fails to show his termination occurred under circumstances that raise a reasonable inference of discrimination. [ECF No. 43, pp.5-8].

1. **Plaintiff created a genuine issue for trial as to whether he was meeting the legitimate expectations of his employer.**

The Fourth Circuit has found that a plaintiff fails to demonstrate he was meeting his employer's legitimate expectations "where the employer had previously reprimanded the plaintiff 'based on concrete, specific observations,' and the plaintiff continued to perform contrary to those expectations." *McZeke v. Horry Cnty.*, 609 F. App'x 140, 144 (4th Cir. 2015) (quoting *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 516–17 (4th Cir. 2006)); *see King v. Rumsfeld*, 328 F.3d 145, 147–49 (4th Cir. 2003) (holding that a teacher who received repeated reprimands for being unprepared for class and having deficient lesson plans failed to show that he was meeting his employer's legitimate job expectations). However, the burden a plaintiff bears in establishing a *prima facie* case is not onerous, *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 453 (1981),

6

and the Fourth Circuit has cautioned against the danger that courts might apply the "legitimate expectations" element "too strictly." *Warch*, 435 F.3d at 516-17.

Defendant contends that the Report erred by relying on Plaintiff's self-assessment to find that Plaintiff met the "legitimate expectations" element. [ECF No. 43, p.5]. Defendant argues that Plaintiff's own opinion of his performance is not relevant, so Plaintiff's testimony is insufficient. *Id.* According to Defendant, it is undisputed that Plaintiff was not meeting the legitimate expectations of his employer. *Id.*

It is true that Plaintiff's own claim of satisfactory job performance cannot establish a genuine issue as to whether Plaintiff was meeting the Defendant's expectations. *King*, 328 F.3d at 149; *See Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 960–61 (4th Cir.1996) ("It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." (citations omitted)). However, Plaintiff's testimony provides more than his own opinion that his job performance was satisfactory. Plaintiff testified that he never met with his supervisor, James Washington, about his performance. [ECF No. 27-3 at 36:16-37:9]. He testified that he and Washington had no discussion about his performance, except for times when Washington would tell him "good job, let's get. . . this going or get this done" and "they would go and take care of whatever was needed to take care of." *Id.* Plaintiff also testified that Washington discussed wanting Plaintiff to go to Charlotte to replace an employee in the Charlotte facility who was not as skilled at electrical work. *Id.* at 78:15-20. Plaintiff suggests this is not something a supervisor would discuss if an employee was not meeting his expectations. [ECF No. 30, p.8]. Finally, Plaintiff produced an email between members of Defendant's management team that noted Washington had "lots of OT and [was] not very good at his job." ECF No. 30-1. Of course, Washington's job performance is not relevant to Plaintiff's performance, but Plaintiff asks the

7

Court to infer this email would have also mentioned Plaintiff if he was underperforming. [ECF No. 30, p.8]. The Court has no trouble drawing this justifiable inference in Plaintiff's favor, as it is required to do at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Defendant counters with evidence that tends to show Plaintiff was not meeting its legitimate expectations. Washington testified that Plaintiff was "less skilled than [he] thought he was," was "not that good," and was "not putting forth effort." [ECF No. 27-5 at 16:14-24]. Further, Washington testified that, sometime between 30 and 45 days after Plaintiff was hired, Washington talked to Plaintiff about "putting forth a little more effort . . . a little more initiative." *Id.* at 50:25-51:12. Defendant also cites Washington's testimony that he told Plaintiff he needed to show his assistant certain things, and Washington's testimony that Plaintiff was fired because he lacked skill. *Id.* at 17:12-13. The rest of Washington's testimony, and Defendant's other evidence in the record, tends to support the claim that Plaintiff was not meeting Defendant's legitimate expectations.

Whether Defendant's evidence eventually shows that Plaintiff was not, in fact, meeting legitimate expectations is a matter for a jury. Based on the record, there is a genuine dispute of material fact as to whether Plaintiff was meeting Defendant's legitimate expectations. Plaintiff's testimony provides more than his opinion of satisfactory performance. It provides circumstantial evidence that tends to show he was meeting Defendant's legitimate expectation. The Court finds that Plaintiff has met his "not onerous" burden, *Burdine*, 450 U.S. at 453, to show a genuine dispute of material fact regarding the "legitimate expectations" element of his *prima facie* case.

### 2. Plaintiff raised a reasonable inference that his termination was discriminatory.

Defendant argues "[i]t is not reasonable to infer that Plaintiff was terminated for requesting a break from working on ladders when he was not even required to work on the ladders that often." [ECF No. 43, p.9]. The Court disagrees. Plaintiff testified that he repeatedly told Washington, before and after Plaintiff was hired, that he had difficulty gripping and climbing ladders because of his injured hand. ECF No. 27-3 at 50:14-18. Plaintiff also testified that Washington told him he was being terminated because he was taking too long climbing ladders. *Id.* at 72:15-73:1. Defendant attempts to dispute this testimony by offering evidence that tends to show Plaintiff's ladder use was infrequent. This is not convincing. Plaintiff put forward evidence that would allow a reasonable jury to conclude Defendant fired him for requesting breaks from working on ladders. Whether his ladder use was frequent or infrequent, Plaintiff raises a reasonable inference that his firing was discriminatory.

### B. The Magistrate Judge correctly found that Plaintiff put forward sufficient evidence of pretext to create a genuine issue for trial on his disability discrimination claim.

Once Plaintiff establishes his *prima facie* case of discrimination by a preponderance of the evidence, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory explanation for the adverse employment action. *Ennis*, 53 F.3d at 58. The Magistrate Judge found that Defendant articulated a legitimate, nondiscriminatory explanation, and the parties do not object to that finding. [ECF No. 36, p. 13]. Because Defendant made its showing, "the presumption created by the *prima facie* case 'drops out of the picture,' and the plaintiff bears the ultimate burden of proving that [he] has been the victim of intentional discrimination." *Ennis*, 53 F.3d at 58 (quoting *St. Mary's Honor v. Hicks*, 509 U.S. 502, 511 (1993)).

To survive summary judgment, Plaintiff must demonstrate "that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination." *Reeves v.*

*Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (internal quotation marks omitted). "Among other methods, [he] may do so by demonstrating that the asserted justifications, even if true, are post hoc rationalizations invented for purposes of litigation." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 576 (4th Cir. 2015) (citing *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 647 (4th Cir. 2002)). Once the plaintiff offers such circumstantial evidence, the case must be decided by a trier of fact and cannot be resolved on summary judgment. *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019) (explaining that the Fourth Circuit "has allowed an inference of pretext in cases where an employer has made substantial changes to its proffered reason for discharge over time").

Defendant argues Plaintiff failed to offer sufficient circumstantial evidence showing the legitimate reasons Defendant offered were a pretext for discrimination. [ECF No. 43, p.9]. According to Defendant, the Magistrate Judge erred by relying on Plaintiff's testimony to rebut the non-retaliatory reason provided by Defendant. In its objections, Defendant asserts its reasons for firing Plaintiff never shifted. [ECF No. 43, p.10]. Defendant also contends Plaintiff cannot survive summary judgment on the pretext question because Plaintiff did not depose the decision makers. *Id.* at 11. According to Defendant, Plaintiff's testimony is insufficient to show pretext. *Id.*

First, although Defendant claims—with evidentiary support—that its reason for firing Plaintiff never shifted, the Magistrate Judge properly sided with Plaintiff's conflicting testimony instead for purposes of summary judgment. *See* [ECF No. 36, pp.14-15]. After a *de novo* review, this Court finds the Magistrate Judge properly found that Plaintiff's evidence demonstrating shifting justifications for his termination was sufficient to rebut Defendant's legitimate, non-discriminatory reason and survive summary judgment.

10

As for Defendant's claim that Plaintiff cannot survive summary judgment because he failed to depose manager Ken Kellum or general manager Gerald Ashley, the Court does not find support in the case law for such a bright line rule.  In *Ogoumi v. Magna Drive Automotive*, this Court found that a plaintiff who admittedly relied entirely on unsupported, subjective beliefs in the attempt to demonstrate a genuine issue for trial could not do so.  No. CIV.A. 6:11-00390, 2012 WL 728492, at *3 (D.S.C. Mar. 6, 2012).  In *Ogoumi*, the plaintiff admitted that he failed to conduct discovery of the relevant decision makers, but also admitted that he relied entirely on his own allegations: allegations that the Court described as "his own speculation and conjecture." *Id.*  In *Parker v. Magna Innertech-Spartanburg*, this Court held that a plaintiff could not survive summary judgment because she failed to make any attempt to provide evidence of her claims and relied only on personal belief and self-assessment.  No. CIV.A. 6:09-773-JMC, 2010 WL 5488599, at *8 (D.S.C. Nov. 29, 2010), *report and recommendation adopted sub nom. Parker v. Innertech-Spartanburg*, No. 6:09-CV-00773-JMC, 2011 WL 13455 (D.S.C. Jan. 4, 2011).

These cases do not create an unwavering requirement to depose decision-makers.  Instead, both cases held that a plaintiff cannot rely entirely on speculation, conjecture, and personal belief to rebut a defendant's legitimate non-discriminatory reason.  Deposing decision makers is, of course, one way to provide evidence for a claim beyond personal belief, but it is not the only way.  Here, Plaintiff testified that his superiors gave him different explanations for his firing at different times.  *See* [ECF No. 36, pp.14-15].  This testimony goes beyond asserting a personal belief.  Plaintiff offers the shifting reasons his supervisors provided for his firing.  This is sufficient to rebut Defendant's articulated reasons for his termination.

Defendant also contends that Plaintiff failed to establish but-for causation.  [ECF No. 43, p.12].  Defendant cites *Adams v. Trustees of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 560 (4th Cir

11

2011) and *Jiminez v. Mary Washington Coll.*, 57 F.3d 369, 378 (4th Cir. 1995), claiming that Plaintiff must "prove *both* that the reason was false, and that discrimination was the real reason." [ECF No. 43, p.12]. This the standard to prevail at trial. Establishing a *prima facie* case, combined with sufficient evidence to find the employer's asserted justification is false, is enough to survive summary judgment. *Heiko v. Colombo Sav. Bank*, *F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006); *Haynes,* 922 F.3d at 225. Plaintiff has made that showing here, and his disability discrimination claim should proceed to trial.

### C. The Magistrate Judge correctly found that Plaintiff established a genuine issue for trial as to whether his employer refused to make reasonable accommodations.

To prove a claim for ADA failure to accommodate, Plaintiff must show the following: (1) he has a disability within the meaning of the statute; (2) his employer had notice of the disability; (3) with reasonable accommodation he could perform the essential functions of the employment position in question; and (4) his employer refused to make such reasonable accommodations. *See Wirtes v. City of Newport News*, 996 F.3d 234, 238–39 (4th Cir. 2021) (citing *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013)). Defendant claims the Magistrate Judge erred in finding that Plaintiff made this showing because Plaintiff failed to identify how and when he specifically requested accommodations and when Defendant refused to make reasonable accommodations. [ECF No. 43, p.13].

In its objections, Defendant offers testimony from Plaintiff's superiors claiming that Plaintiff never conveyed any problems climbing or working on a ladder. *Id.* Defendant also offers testimony that tends to show Plaintiff was free to take a break whenever he needed one. *Id.* at 14. However, according to Plaintiff, when Washington told him to work faster, Plaintiff replied, "I can only work as fast as I can with, you know, my ability of climbing ladders and . . . picking things up, certain things, or holding certain things[.]" [ECF No. 27-3 at 61:25-62:22]. Plaintiff also

testified that once, after Washington criticized him for taking too long on a job that required him to go up and down a 20 foot straight-up ladder, he told Washington: "up and down ladder's where my biggest problem is." *Id.* at 37:10-25.

A reasonable jury could find Defendant refused to make reasonable accommodations. First, based on the record before the Court, there is a genuine dispute of material fact as to whether Defendant was on notice that Plaintiff required some accommodation to work on ladders. Next, while Defendant claims Plaintiff could take a break whenever he wanted, Plaintiff's testimony tends to show he was criticized for, and eventually terminated because of, the pace of his work. A reasonable jury could find that, even if employees were generally allowed to take breaks, Defendant denied Plaintiff adequate time to perform tasks involving ladders. The Court agrees with the Magistrate Judge's finding that Plaintiff's failure to accommodate claim should proceed to trial.

### D. Defendant objects to the Magistrate Judge's finding that Plaintiff established a *prima facie* case of ADA retaliation.

To establish a *prima facie* ADA retaliation claim using the *McDonnell Douglas* burden-shifting framework, Plaintiff must show that (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action. *See Reynolds*, 701 F.3d at 154; *A Soc'y Without a Name v. Commonwealth of Va.*, 655 F.3d 342, 350 (4th Cir. 2011).

### 1. Plaintiff established a genuine issue for trial as to whether he engaged in a protected activity.

To establish a *prima facie* case for ADA retaliation, Plaintiff must, *inter alia*, establish that he engaged in protected activity. *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 577 (4th Cir. 2015). A plaintiff can establish that he engaged in protected activity by showing that he requested

a reasonable accommodation. *Id*; *Haulbrook*, 252 F.3d 696, 706 (4th Cir. 2001). Defendant claims that Plaintiff cannot make this showing because no evidence shows he requested an accommodation as to working on ladders. [ECF No. 43, p.15]. As the discussion in the preceding section (II(C)) makes clear, the Court disagrees. Accordingly, the Court finds Plaintiff established a genuine issue for trial as to whether he engaged in a protected activity.

### 2. Plaintiff established a genuine issue for trial on the causal connection between a protected activity and his termination.

To establish a *prima facie* case for ADA retaliation, Plaintiff must, *inter alia*, establish a causal link exists between the protected conduct and the adverse action. *See Reynolds*, 701 F.3d at 154. Defendant contends the Magistrate Judge erred by finding a causal link based on temporal proximity alone. [ECF No. 43]. The Court disagrees. The Magistrate Judge did not base her causation finding on the timing of the termination alone. Instead, the Magistrate Judge found:

> Plaintiff worked at Aldora for just over two months, during which time Plaintiff made multiple requests for accommodation due to his hand injury. *See* ECF No. 30 at 18. Despite Plaintiff's repeated requests for more time when working on a ladder and to take breaks from climbing a ladder, his supervisor told him that he was being terminated—fewer than two months later—for taking too long climbing the ladders. *Id*. (citing ECF No. 27-3 at 50 & 52). The undersigned concludes that these facts **and** the close temporal proximity between Plaintiff's requests for an accommodation and his termination are sufficient to establish a jury question as to the causation element of the prima facie case

[ECF No. 36, pp.20-21] (emphasis added).

The Magistrate Judge did not rely on temporal proximity alone to find causation as Defendant argues. Instead, she found that temporal proximity, in addition to the rest of Plaintiff's evidence, established causation sufficient to state a *prima facie* case. After a *de novo* review, this Court agrees. Plaintiff established a genuine issue for trial on the causal connection between a protected activity and his termination.

14

### E. The Magistrate Judge correctly found that Plaintiff put forward sufficient evidence of pretext to create a genuine issue for trial on his ADA retaliation claim.

Once Plaintiff establishes his *prima facie* case of retaliation by a preponderance of the evidence, the burden shifts to Defendant to articulate a legitimate, nonretaliatory explanation for its actions. *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001). The Defendant did so here, offering the same legitimate, nonretaliatory explanation that it offered on the discrimination claim. [ECF No. 36, p. 21]. Because Defendant made its showing, Plaintiff "must demonstrate that the proffered reason is a pre-text for forbidden retaliation." *Haulbrook,* 252 F.3d at 706.

Defendant claims Plaintiff fails to demonstrate the proffered reason is pretext for retaliation. However, in support of that claim, Defendant does no more than re-assert the same arguments it made defending the discrimination claim. *See* [ECF No. 43, p.17] (directing the Court to Defendant's objection to the pretext finding on Plaintiff's discrimination claim). For the same reasons the Court rejected those arguments in section II(B), *supra*, it rejects them again here. Defendant also asserts again that Plaintiff must show his protected activity was the but-for cause of his termination. *Id.* However, that is Plaintiff's eventual burden at trial. *Rhoads*, 257 F.3d at 392 ("The plaintiff always bears the ultimate burden of persuading the **trier of fact** that she was the victim of retaliation." (emphasis added)). After a *de novo* review, the Court finds Plaintiff put forward sufficient evidence of pretext to create a genuine issue for trial on his ADA retaliation claim.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court adopts the Report in its entirety and hereby incorporates the Report by reference. Defendant's motion for summary judgment, ECF No. 27, is GRANTED IN PART AND DENIED IN PART. Summary judgment is GRANTED as to Plaintiff's hostile work environment claim and South

Carolina Human Affairs Law claim and DENIED as to Plaintiff's remaining claims for ADA discrimination, ADA failure to accommodate, and ADA retaliation.

IT IS SO ORDERED.

September 13, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

16